**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:25-cv-00580-DGK |
| PARRISH & SONS CONSTRUCTION, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING THIRD-PARTY COMPLAINT

This case arises from a dispute about a public school building project ("the Project"). Defendant/Third-Party Plaintiff Parrish & Sons Construction, LLC ("Parrish"), alleges Third-Party Defendant Abay Construction, Inc. ("Abay"), (1) breached their contract ("the Subcontract") by failing to complete work on the Project, and (2) tortiously interfered with Parrish's business relationship with Plaintiff Ohio Casualty Insurance Company ("Ohio") by demanding payment on the payment bond Ohio provided for Parrish in connection with the Project.

Now before the Court is Abay's Motion to Dismiss for failure to state a claim or, alternatively, for stay pending arbitration. ECF No. 14. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over Parrish's third-party claims against Abay and the third-party complaint is DISMISSED under 28 U.S.C. § 1367(c)(3).

### Background

At the motion-to-dismiss stage, the Court "accept[s] as true all of the complaint's factual allegations and view[s] them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). The relevant factual allegations are as follows.

1

Parrish contracted with Unified School District #233 to perform the Project in Olathe, Kansas. Parrish received a performance bond and payment bond from Ohio for the Project in the sum of $628,260. As a condition of the bonds, Parrish executed an indemnity agreement with Ohio on November 30, 2023. The indemnity agreement requires Parrish to exonerate, indemnify, and hold harmless Ohio from all loss, as defined in the indemnity agreement, which Ohio might incur relating to the extension of surety credit.

On November 20, 2024, Parrish executed the Subcontract with Abay for Abay to furnish labor, material, equipment, and incidentals to assist Parrish in completing the Project. The Subcontract required Parrish to pay Abay $125,000. On February 3, 2025, Abay stopped work on the Project with 25% of its obligated work unfinished. A significant portion of the work it did finish was defective or untimely. On February 5, 2025, Parrish demanded that Abay resume work and informed Abay that Abay would be deemed to be in default if it did not do so. Parrish has performed its obligations to Abay under the Subcontract.

On or after June 9, 2025, Abay demanded Ohio pay it $48,303.73 on the payment bond Ohio provided for Parrish for the Project. Abay claimed it had completed the work it was hired to do in a good, workmanlike, and timely manner as required by the Subcontract with Parrish. This was not true.

Ohio has received two claims on the payment bond, Abay's claim for $48,303.73 and a claim from another entity for $57,408.55, for a total claim exposure of $105,712.28. Ohio demanded Parrish provide funds for the $55,408.55 claim as required by the indemnity agreement. Ohio, a citizen of Ohio and Massachusetts, then filed a diversity action in this Court against Parrish, a citizen of Missouri, alleging breach of the indemnity agreement for Parrish's failure to pay the $55,408.55 claim and seeking specific performance of the indemnity agreement. Ohio

2

alleged damages of at least $105,712.28, the total exposure from Abay's claim and the other claim. Parrish filed its third-party complaint against Missouri citizen Abay with its answer to Ohio's complaint, invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). ECF No. 8. The Court later dismissed without prejudice all of Ohio's claims in the main suit against Parrish, ECF No. 22, following Ohio's notice of voluntary dismissal under Rule 41(A)(ii), ECF No. 21. Only Parrish's third-party claims remain.

Parrish alleges Abay (1) breached the Subcontract by failing to complete work on the Project (Claim I), and (2) tortiously interfered with Parrish's business relationship with Ohio by demanding payment on the payment bond Ohio provided for Parrish in connection with the Project (Count II). Parrish seeks actual and punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

Abay seeks dismissal of Parrish's third-party claims as improper under Rule 14(a). Alternatively, Abay seeks a stay of proceedings pending arbitration.

**Analysis**

Abay argues Parrish's third-party complaint is not proper under Rule 14(a) because Abay's alleged liability to Parrish is not derivative of the main suit Ohio brought against Parrish. This is incorrect. Parrish's third-party complaint against Abay satisfies Rule 14(a)'s requirements for third-party claims.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)

(citations omitted). "[A]n essential component for a proper third-party complaint is the attempt of the original defendant to transfer at least some of the alleged liability for the original plaintiff's claim from himself to a third party." *Portfolio Recovery Assocs., LLC v. Harstad*, No. 2:11-CV-04185-NKL, 2011 WL 5526043, at *2 (W.D. Mo. Nov. 14, 2011). "Though the third-party claim does not have to be one for indemnification, there does have to be some showing of a 'coherent legal theory' by which the third-party defendants would garner some liability as the result of the original claim." *Id.*, at *2 (quoting *Mattes*, 323 F.3d at 698).

Parrish's third-party claim against Abay is derivative of Ohio's original suit, because Abay's liability to Parrish is "in some way dependent upon the outcome of the main claim," *Mattes*, 323 F.3d at 698. Namely, if Parrish were found liable to Ohio for the portion of the $105,712.28 attributable to Abay's claim against the payment bond, then Parrish would seek to transfer this liability to Abay. *See* Third-party Compl., ECF No. 8 at ¶ 30, Prayer for Relief (Count II); *Portfolio Recovery Assocs.*, 2011 WL 5526043, at *2. The third-party complaint is therefore proper under Rule 14(a).

But now that the Court has dismissed all the claims in the main suit over which it had original jurisdiction, it declines to continue to exercise supplemental jurisdiction over the remaining state law claims. Dismissal of the claims over which it had original jurisdiction does not remove the Court's jurisdiction over the supplemental state law claims. The Court has "broad discretion to exercise supplemental jurisdiction over any remaining state-law claims," *Thomas v. United Steel Workers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014), but "may decline to exercise supplemental jurisdiction over a claim under [§ 1367](a) if . . . [it] has dismissed all claims over which it has original jurisdiction," § 1367(c)(3). "The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy,

convenience, fairness, and comity." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Imp. Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006).

The balance of interests weighs in favor of declining to exercise supplemental jurisdiction over the remaining state law claims in this case. The third-party claims are still in the initial stages of litigation, so there is little, if any, interest in judicial economy or convenience and fairness to the parties. And given that Missouri citizen Parrish brings only state-law claims against Missouri citizen Abay, Parrish's case belongs in Missouri court. "[I]t is well within the district court's discretion," when it has supplemental jurisdiction over a third-party complaint, "to dismiss [the third-party complaint] after settlement of the original action from which [the third-party claims] derived." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Indeed, "it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." *Portfolio Recovery Assocs.*, 2011 WL 5526043, at *3 (quoting *Am. Zurich Ins. Co.*, 512 F.3d at 805). Accordingly, the Court declines to exercise supplemental jurisdiction of Parrish's third-party claims against Abay.

### Conclusion

For the reasons discussed above, Parrish's third-party complaint against Abay is DISMISSED under 18 U.S.C. § 1367(c)(3)

**IT IS SO ORDERED.**

Date:  July 6, 2026                           /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT